**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Europe R. Colbert,

Plaintiff,

v.

Raymond Daniel Robinson,

Defendant.

______________________________/

Case No. 26-13176

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE [1]**

*Pro se* Plaintiff Europe R. Colbert filed the complaint in this case on September 2, 2026, and brings suit against Defendant Raymond Daniel Robinson. (ECF No. 1.)

Because Plaintiff has been granted permission to proceed without prepayment of the filing fee, the Court must screen her complaint to determine if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney, but the complaint must still comply with basic pleading standards. *See Sutton*

*v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) because the Court lacks subject matter jurisdiction.

In order for a federal court to preside over a case, it must have subject matter jurisdiction. Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction can happen at any point in the suit, and can be raised by a party or the court. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

"Federal courts have subject matter jurisdiction over cases that raise a federal question, *see* 28 U.S.C. § 1331, or are between parties of diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332." *Christenberry v. White*, No. 20-6349, 2021 WL 5983815, at *1 (6th Cir. July 2, 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 5013 (2006)). Here, Plaintiff claims that the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018)). "Whether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). "A claim arises under federal law . . . when the cause of action

[1] The Court does not have diversity jurisdiction over the complaint. Plaintiff's complaint does not set forth an amount in controversy that exceeds $75,000, nor does it show complete diversity between the parties. Plaintiff and Defendant both reside in Michigan. (ECF No. 1, PageID.1.) Assuming that they are both citizens of Michigan, Plaintiff and Defendant are citizens of the same state and, thus, the Court does not have diversity jurisdiction over this case.

is (1) created by a federal statute or (2) presents a substantial question of federal law." *Id.* at 991.

Plaintiff's allegations are not sufficient to demonstrate federal question subject matter jurisdiction. Plaintiff brings three counts against Defendant:

> Count I: "VIOLATION OF FEDERAL ELECTRONIC PRIVACY LAWS AND INTRUSION UPON SECLUSION/PUBLIC DISCLOSURE OF PRIVATE FACTS," (ECF No. 1, PageID.3);
>
> Count II: "DEFAMATION PER SE AND TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS," (*Id.* at PageID.4);
>
> Count III: "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS" (*Id.* at PageID.5.)

Although Plaintiff references "Federal Electronic Privacy Laws" in Count I, she does not identify with specificity any federal laws that Defendant has violated. "Plaintiff's vague statements or references to federal law or subjects arising under federal law are insufficient to give rise to federal question jurisdiction." *Brown v. Consumers Credit Union*, No. 1:24-CV-1331, 2024 WL 7043274, at *1 (W.D. Mich. Dec. 20, 2024), *report and recommendation adopted*, No. 1:24-CV-1331, 2025 WL 4724649 (W.D. Mich. Mar. 6, 2025). And Plaintiff's references to

"intrusion upon seclusion/public disclosure of private facts," "defamation per se," "tortious interference with economic relations," and "intentional infliction of emotional distress" are insufficient to demonstrate federal question jurisdiction because those claims appear to arise under state law and do not present a substantial question of federal law.

Plaintiff asserts in her complaint that the Court has federal question subject matter jurisdiction because her case "arises under federal electronic privacy protections, including the Stored Communications Act, 18 U.S.C. § 2701 et seq., and federal civil rights laws protecting personal privacy." (ECF No. 1, PageID.1.) Plaintiff's vague references to "federal civil rights laws" are insufficient to establish federal question jurisdiction because she has not clearly identified what laws were violated nor pled a cause of action arising under those laws.

Additionally, Plaintiff does not sufficiently state a claim under the Stored Communications Act such that the Court could have federal question jurisdiction. Although Plaintiff references the Stored Communications Act as the basis for jurisdiction, she does not clearly

state that she is bringing a claim against Defendant under the Stored Communications Act. And even if Plaintiff intended to bring a claim against Defendant under the Stored Communications Act, her allegations are insufficient to state a claim.[2]

In conclusion, Plaintiff does not demonstrate that her claims arise under federal law or "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The Court does not have subject matter jurisdiction over the complaint.

---

[2] "[T]he Stored Communications Act prohibits: '(1) intentionally access[ing] without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceed[ing] an authorization to access that facility . . . thereby obtain[ing] . . . access to a wire or electronic communication while it is in electronic storage.'" *Branden v. Branden*, No. 3:17-CV-320, 2018 WL 11303983, at *2 (E.D. Tenn. Feb. 26, 2018) (quoting 18 U.S.C. § 2701(a)). In short, the Stored Communications Act requires that a defendant unlawfully accessed stored communications.

Here, Plaintiff claims that Defendant took a picture of her and sent it to others. (ECF No. 1, PageID.2; *id.* at PageID.4.) This does not demonstrate a violation of the Stored Communications Act because she does not allege that Defendant unlawfully accessed anyone's communications. Instead, Plaintiff takes issue with Defendant's communications with others and with her. If Plaintiff intended to bring a claim under the Stored Communications Act, it must be dismissed because the complaint fails to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For the reasons set forth above, the complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: September 4, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager